UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN G. BODNAR, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:20-CV-157-PPS-APR |
| LAKE COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Steven G. Bodnar, a prisoner without a lawyer housed at the Lake County Jail, has now filed a third complaint in this case and a motion to add to that complaint. ECF 3; ECF 19; ECF 28; ECF 29. As I've explained to Bodnar previously (ECF 30), he cannot add to a complaint because the local rules do not allow it. Northern District of Indiana Local Rule 15-1 requires that a complaint be amended by "reproduc[ing] the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." Thus, the motion (ECF 29) will be denied. Furthermore, "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, it is the second amended complaint (ECF 28) and *only* the second amended complaint that is currently before me.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief

The second amended complaint names the Lake County Jail, Sheriff Oscar Martinez, Warden Michael Zenk, Deputy Warden K. O'Connor, Deputy Warden Neary, Sgt. Collins in classification, and "all departments of the Lake County Jail" as defendants. ECF 28 at 1. It alleges generally that, in managing Covic-19, these defendants have neglected his health and safety, but it does not allege *how* they have neglected his health and safety and it does not state what *any* of the defendants did or did not do to disregard his health and safety. Because the second amended complaint does not state a claim, Bodnar's request for preliminary injunctive relief must also be denied.

The second amended complaint again asks for counsel. Bodnar has now requested counsel four times since he initiated this case on April 15, 2020. ECF 5; ECF 22; ECF 28; ECF 29. I've denied counsel in two separate orders, and I stand by my previous rulings. ECF 18; ECF 30. Bodnar is more than capable of expressing himself in writing. He simply needs to put all of his allegations against all of the defendants in a single complaint, because when I am screening a complaint, I am *only* looking at that document. I am not looking at the other dozens of items he has filed with the court – just the most recent complaint. Furthermore, Bodnar is cautioned that filing repeated

2

requests seeking the same relief could result in him being fined, sanctioned or have his filing ability restricted.

In the interests of justice, I will give Bodnar <u>one more</u> opportunity to amend his complaint. He may file one *and only one* more complaint between now and the current deadline to amend his complaint of August 24, 2020. This should give Bodnar plenty of time to organize his thoughts and produce one comprehensive document that tells me everything he wants me to know. In doing so, he needs to imagine that he has not yet communicated with me about his concerns related to Covid-19, and he needs to document each of his concerns in that document as if he is telling his story for the first time. He does not need to use legal jargon such as "negligence" or "deliberate indifference" – he just needs to say what happened in his own words. He must explain why he is including each defendant that he includes. It is not enough to simply say that he is in their custody; he must explain what they did or did not do to jeopardize his health or safety and how he was harmed by their actions or failure to act.

The clerk will again mail Bodnar a blank prisoner complaint form with this cause number on it. He needs to use that form. Once he files his new complaint, he must patiently wait for a ruling before filing anything further.

For these reasons, the court:

(1) DENIES Steven George Bodnar's motion to add to his complaint (ECF 29);

(2) DENIES Steven George Bodnar's requests for counsel (ECF 28; ECF 29);

(3) DENIES Steven George Bodnar's request for preliminary injunctive relief (ECF 28);

(4) DIRECTS the Clerk to put this case number on a blank Prisoner Complaint form, Pro Se 14 (INND Rev. 2/20), and send it to Steven George Bodnar; and

(5) GRANTS Steven George Bodnar until **August 24, 2020**, to file a fourth complaint containing all of his claims, as explained above;

(6) CAUTIONS Steven George Bodnar that filing multiple requests for the same relief could result in him being fined, sanctioned, or restricted; and

(7) CAUTIONS Steven George Bodnar that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim.

SO ORDERED on May 27, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT